UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
DENNIS J. ANGELERI, Individually And   )   Civil Action No. 09-cv-10609 (MGC)
On Behalf of All Others Similarly Situated,  )
                                       )
          Plaintiff,                   )
                                       )
     v.                                )
                                       )
DAYL W. PEARSON, MICHAEL I.            )
WIRTH, and KOHLBERG CAPITAL            )
CORP.,                                 )
                                       )
          Defendants.                  )
_____)

[Additional Captions on Next Page]

## MEMORANUM OF LAW IN SUPPORT OF GLEN FAGIN'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD COUNSEL

Marc I. Gross                         Patrick V. Dahlstrom
Fei-Lu Qian                           **POMERANTZ HAUDEK**
**POMERANTZ HAUDEK**                    **GROSSMAN & GROSS LLP**
  **GROSSMAN & GROSS LLP**            Ten South LaSalle Street, Suite 3505
100 Park Avenue                       Chicago, Illinois 60603
New York, New York 10017              Telephone: (312) 377-1181
Telephone: (212) 661-1100             Facsimile:  (312) 377-1184
Facsimile:  (212) 661-8665

**Attorneys for Plaintiff Glen Fagin**

| | |
|---|---|
| _____<br>GLEN FAGIN, Individually And<br>On Behalf of All Others Similarly Situated,<br><br>           Plaintiff,<br><br>    v.<br><br>KOHLBERG CAPITAL CORPORATION,<br>DAYL W. PEARSON and MICHAEL I.<br>WIRTH, CHRISTOPHER LACOVARA,<br>SAMUEL P. FRIEDER, and TURNEY<br>C. STEVENS.<br><br>           Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 10-cv-080 (MGC) |
| JACOB LACHMAN, Individually And<br>On Behalf of All Others Similarly Situated,<br><br><br>           Plaintiff,<br><br>    v.<br><br>KOHLBERG CAPITAL CORPORATION,<br>DAYL W. PEARSON and MICHAEL I.<br>WIRTH, CHRISTOPHER LACOVARA,<br>SAMUEL P. FRIEDER, and TURNEY<br>C. STEVENS.<br><br>           Defendants.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 10-cv-0231 (MGC) |

Plaintiff Glen Fagin ("Fagin"), respectfully submits this memorandum in support of his motion for an Order: (1) consolidating all actions filed in the Southern District of New York which are related to above-captioned class actions for all purposes, pursuant to Fed. R. Civ. P. 42(a); and (2) pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), appointing Fagin as Lead Plaintiff in the above-captioned action and approving his choice of the law firm of Pomerantz Haudek Grossman & Gross LLP ("Pomerantz") as Lead Counsel for the Class.

**PRELIMINARY STATEMENT**

This action arises from allegations concerning violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated there under by the SEC against Kohlberg Capital Corporation ("Kohlberg" or the "Company") and certain of its top officials and directors and is brought on behalf of all persons or entities who purchased Kohlberg securities between March 16, 2009 and December 24, 2009, inclusive (the "Class Period"), and who were damaged thereby.

Throughout the Class Period, Defendants misrepresented Kohlberg's financial results and operating conditions. Specifically, the Company reported inflated earnings that violated Generally Accepted Accounting Principles ("GAAP") by failing to properly account for the fair value of its investment portfolio under FASB Statement of Financial of Financial Accounting Standards No. 157 – Fair Value Measurements ("SFAS No. 157"). Defendants' misstatements artificially inflated the price of Kohlberg securities and caused substantial damage to the Company's investors.

Pursuant to the PSLRA, this Court must appoint the "most adequate plaintiff" to serve as Lead Plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(i). In that regard, the Court must consider which movant has the "largest financial interest" in the relief sought by the Class in this litigation and whether there has been a *prima facie* showing that that movant is an adequate and typical class representative under Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Fagin believes that he is the "most adequate plaintiff" under the PSLRA to serve as Lead Plaintiff on behalf of investors in this action. As set forth in more detail below, Fagin's significant financial interest in this matter is evidenced by his losses in his investments in Fagin securities during the Class Period. The Certification required by the PSLRA setting forth Fagin's transactions in Kohlberg securities is attached hereto as Exhibit 2. Accompanying chart reflecting calculation of Fagin's losses is attached hereto as Exhibit 3. Thus, the Court can be assured that the appointment of Fagin with a real financial interest in the litigation and will vigorously represent the interests of the Class.

## FACTUAL BACKGROUND

Kohlberg is an internally managed, closed-end investment company. The Company's investment objective is to generate current income and capital appreciation from the investments made by its middle market business in senior secured term loans, mezzanine debt and selected equity investments in privately-held middle market companies.

Throughout the Class Period, Kohlberg reported inflated earnings that violated GAAP by failing to properly account for the fair value of its investment portfolio under SFAS No. 157.

On November 9, 2009, Kohlberg announced that certain questions were raised by its auditor, Deloitte & Touche LLP ("Deloitte"), concerning the Company's methodology and process in valuing its loan portfolio under GAAP. As a result of these questions, the Company stated it would not be able to timely file with the SEC its third quarter results for the period ended September 30, 2009 on Form 10-Q.

As a result, the Company's stock price fell $0.56 per share or more than 10%, to close at $4.96.

On December 15, 2009, the Company announced that its financial statements for the fiscal year ended December 31, 2008 and the first two quarters of 2009 should no longer be relied upon, due to issues regarding valuation of the Company's loan portfolio.

On December 24, 2009, Kohlberg filed with the SEC a letter it received from Deloitte. In the letter, Deloitte disagreed with many of Kohlberg's contentions in its recent disclosures. In the letter, Deloitte stated, among other things, (a) that management essentially ceased providing substantive information about the Company's valuation of its loan portfolio to Deloitte on December 14, 2009; (b) that significant unanswered and unfulfilled information requests remain outstanding; (c) that Kohlberg had previously provided Deloitte a revised valuation of the Company's loan portfolio as of December 31, 2008, which reflected a material reduction in the fair value of the Company's loan portfolio investments as of that date, but that those revisions had not been shown to certain Kohlberg board members of December 15, 2009; and (d) that Deloitte now believes the information supporting the fair values reflected in the Company's previously issued 2008 and interim financial statements was and continues to be incomplete and inaccurate.

On this news, shares of Kohlberg declined $0.44 per share or 8.5%, the next two trading days per share, to close at $4.72 on December 29, 2009.

**ARGUMENT**

I. **THE RELATED ACTIONS SHOULD BE CONSOLIDATED**

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). *See also Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990); *Manual for Complex Litigation (3d)* § 20.123, at 13-14 (1995).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter is filed." 15 U.S.C. § 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards for consolidation under Fed. R. Civ. P. 42(a).

As noted above, three actions have been filed in the Southern District of New York alleging similar factual and legal grounds to support allegations of violations by the defendants of Sections 10(b) and 20(a) of the Exchange Act. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

II. **FAGIN SHOULD BE APPOINTED LEAD PLAINTIFF**

Section 21D(a)(3)(B) of the PSLRA sets forth procedures for the selection of Lead Plaintiffs in class actions brought under the Exchange Act. The PSLRA directs

4

courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the later of (i) 90 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate.  15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Fagin satisfies all three of these criteria and thus is entitled to the presumption that he is the most adequate plaintiff of the Class and, therefore, should be appointed Lead Plaintiff for the Class.

### A.     Fagin Is Willing to Serve as Class Representative

On December 31, 2009, counsel in the filed action against the defendants, styled *Angeleri v. Pearson et al.*, No. 1:09-cv-10609-MGC, caused a notice to be published pursuant to Sections 21D(a)(3)(A)(i) of the PSLRA announcing that a securities class action had been filed against the defendants herein, and investors of Kohlberg securities that they had until March 1, 2010, to file a motion to be appointed as Lead Plaintiff.  *See* attached hereto Exhibit 1.

Fagin has filed the instant motion pursuant to the Notice and has attached a Certification attesting that he is willing to serve as a Lead Plaintiff for the Class and is

5

willing to provide testimony at deposition and trial, if necessary. *See* attached hereto Exhibit 2. Accordingly, Fagin satisfies the first requirement to serve as Lead Plaintiff for the Class.

    **B.**    <u>**Fagin Has The Largest Financial Interest in the Action**</u>

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii); *see In re Donkenny, Inc. Sec. Litig.*, 171 F.R.D. 156, 157 (S.D.N.Y. 1997). Generally, courts have considered the following factors in determining a movant's financial interest: (1) the number of shares the movant purchased; (2) the number of net shares purchased; (3) the total net funds the movant expended; and (4) the approximate losses suffered. *See Lax v. First Merchs. Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, at *17 (N.D. Ill. 1997); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998).

Here, Fagin (1) acquired 5,000 shares of Kohlberg securities; (2) spent $25,000 in his purchases of Kohlberg securities; (3) retained all of his Kohlberg securities; and (4) has suffered a loss of $4,076. *See* attached hereto Exhibit 3.

Fagin is not aware of any other movant who has suffered larger losses, and, accordingly, satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the Class. S*ee also In re McKesson HBOC, Inc. Sec. Litig.*, 97 F. Supp. 993 (N.D. Cal. 1999); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp.2d 286, 296 (E.D.N.Y. 1998); *Lax v. First Merchants Acceptance Corp.*, 1997 U.S. Dist. LEXIS 11866, 1997 WL 461036, at *5 (N.D. Ill. Aug. 11, 1997). Because Fagin possesses the largest financial

interest in the outcome of this litigation, he may be presumed to be the "most adequate" plaintiff. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### C. Fagin Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, Lead Plaintiff must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that Lead Plaintiff satisfies the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a prima facie showing that the Movant satisfy the requirements of Rule 23 is sufficient. *Greebel v. FTP Software*, 939 F. Supp. 57, 60, 64 (D. Mass. 1996). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 49 (S.D.N.Y. 1998) (citing *Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997) and *Fischler v. Amsouth Bancorporation*, 176 F.R.D. 583 (M.D. Fla. 1997)); *In re Olsten Corp. Sec. Litig.*, 3 F. Supp. 2d 286, 296 (E.D.N.Y. 1998).

Fagin fulfills all of the requirements of Rule 23. Fagin shares substantially similar questions of law and fact with the members of the Class and his claims are typical of the members of the class. Fagin and all members of the Class allege that defendants violated the Exchange Act by publicly disseminating a series of false and misleading statements concerning Kohlberg. Fagin, as did all of the members of the Class, purchased Kohlberg securities during the Class Period at prices artificially inflated, maintained, or stabilized by Defendants' misrepresentations and omissions and were damaged thereby. These shared claims also satisfy the requirement that the claims of the representative parties be typical of the claims of the Class.

Thus, the close alignment of interests between Fagin and other Class members, as well as the strong desire of the proposed Lead Plaintiff to prosecute this action on behalf of the Class, provide ample reasons to grant Fagin's motion to serve as Lead Plaintiff of the Class.

### D. Fagin Fairly and Adequately Represents the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Fagin as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

(aa)   will not fairly and adequately protect the interest of the class; or

(bb)   is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Fagin's ability and desire to fairly and adequately represent the Class have been discussed above. Fagin is not aware of any unique defenses Defendants could raise that

8

would render him inadequate to represent the Class. Accordingly, the Fagin should be appointed Lead Plaintiff for the Class.

### III.   LEAD PLAINTIFF'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Fagin has selected the law firm of Pomerantz Haudek Grossman & Gross LLP as Lead Counsel. The Pomerantz firm is highly experienced in the area of securities litigation and class actions, and has successfully prosecuted numerous securities litigations and securities fraud class actions on behalf of investors as detailed in the firm's resume. *See* attached hereto Exhibit 4. As a result of their extensive experience in litigation involving issues similar to those raised in this action, Fagin's counsel has the skill and knowledge which will enable them to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving Fagin's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Fagin respectfully requests the Court issue an Order (a) consolidating the Related Actions; (b) appointing Fagin as Lead Plaintiff of the Class; (c) approving Pomerantz Haudek Grossman & Gross LLP as Lead Counsel; and (d) granting such other relief as the Court may deem to be just and proper.

Dated: March 1, 2010
     New York, New York

                                Respectfully submitted,

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**

 /s Jeremy A. Lieberman
Marc I. Gross
Jeremy A. Lieberman
Fei-Lu Qian
100 Park Avenue
New York, New York 10017
Telephone:   (212) 661-1100
Facsimile:   (212) 661-8665

**POMERANTZ HAUDEK
 GROSSMAN & GROSS LLP**
Patrick V. Dahlstrom
Ten South LaSalle Street, Suite 3505
Chicago, Illinois 60603
Telephone:   (312) 377-1181
Facsimile:   (312) 377-1184

**Attorneys for Plaintiff Glen Fagin**