**THE ROSEN LAW FIRM, P.A.**
Laurence M. Rosen, Esq. (LR 5733)
Phillip Kim, Esq. (PK 9384)
Timothy W. Brown, Esq. (TB 1008)
350 5th Avenue, Suite 5508
New York, New York 10118
Tel: (212) 686-1060
Fax: (212) 202-3827
Email: lrosen@rosenlegal.com
Email: pkim@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

| | |
|---|---|
| DENNIS ANGELERI, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 09-CV-10609 (MGC) |
| Plaintiff, | CLASS ACTION |
| v. | **MEMORANDUM OF LAW IN SUPPORT OF MOTION OF LEON MILLER TO CONSOLIDATE RELATED ACTIONS; APPOINT LEAD PLAINTIFF; AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL** |
| DAYL W. PEARSON, MICHAEL I. WIRTH, KOHLBERG CAPITAL CORPORATION, | |
| Defendants. | |

-----------------------------------------------------------------X

| | |
|---|---|
| GLEN FAGIN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | Case No.: 10-CV-0080 (MGC) |
| Plaintiff, | CLASS ACTION |
| vs. | |
| KOHLBERG CAPITAL CORPORATION, DAYL W. PEARSON, MICHAEL I. WIRTH, CHRISTOPHER LACOVARA, SAMUEL P. FRIEDER, and C. TURNEY STEVENS, | |
| Defendants | |

-----------------------------------------------------------------X

1

```
-----------------------------------------------------------X
JACOB LACHMAN, INDIVIDUALLY AND ON          Case No.: 10-CV-00231 (MGC)
BEHALF OF ALL OTHERS SIMILARLY
SITUATED,                                   CLASS ACTION

        Plaintiff,

        vs.

KOHLBERG CAPITAL CORPORATION, DAYL
W. PEARSON, MICHAEL I. WIRTH,
CHRISTOPHER LACOVARA, SAMUEL P.
FRIEDER, and C. TURNEY STEVENS,

        Defendants
-------------------------------------------------------------X
```

Leon Miller respectfully submits this memorandum of law in support of his motion for an Order, pursuant to Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Fed. R. Civ. P. 42(a):

    (1)    consolidating the above-captioned related actions;

    (2)    appointing Mr. Miller as Lead Plaintiff for the class of all purchasers of the shares of Kohlberg Capital Corporation. ("KCAP" or the "Company") during the period between March 16, 2009 and December 24, 2009, inclusive (the "Class Period"); and

    (3) approving Mr. Miller's selection of The Rosen Law Firm, P.A. as Lead Counsel for the Class.

## INTRODUCTION AND BACKGROUND

KCAP is a private equity and venture capital firm specializing in buyouts and mezzanine investments. The Complaint asserts that KCAP's current officers and directors failed to disclose in their public statements, among other things, (a) accurate figures in quarterly and annual reports filed with the SEC; and (b) The Company's reported revenue during the Class Period was

false or misleading. The Complaint asserts that these nondisclosures rendered the Company's affirmative statements during the Class Period false. The Complaint alleges that when the market began to learn of the truth, investors were damaged as KCAP's stock price began to fall, damaging Plaintiffs and the class.

On December 31, 2009, the Rosen Law Firm, P.A. filed the first of these actions against KCAP's current officers and directors for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, on behalf of all purchasers of KCAP securities during the Class Period. That same day, the Rosen Law Firm, P.A. issued a PSLRA early notice advising class members of, among other things, the allegations and claims in the Complaint and the option for class members to seek appointment as Lead Plaintiff. *See* Declaration of Phillip Kim filed herewith, ("Kim Decl."), Ex. 1.

## **ARGUMENT**

### I.     THE RELATED ACTIONS SHOULD BE CONSOLIDATED

Consolidation of related cases is proper where, as here, the actions involve common questions of law and fact such that consolidation would prevent unnecessary cost or delay in adjudication. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay. Fed. R. Civ. P. 42(a).

The PSLRA contemplates consolidation where "more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed." 15 U.S.C. 78u-4(a)(3)(A)(ii). As such, the PSLRA does not displace the traditional legal standards

for consolidation under Fed. R. Civ. P. 42(a). *See In re Fuwei Films Sec. Litig.*, 247 F.R.D. 432, 435 (S.D.N.Y. 2008).

The above-captioned actions should be consolidated because the related actions allege the same class period and the same factual and legal grounds to support allegations of violations of Sections 10(b) and 20(a) of the Exchange Act by the Defendants arising from dissemination to the investing public of false and misleading information contained in the Company's periodic filings with the SEC and/or public announcements. Accordingly, the above-referenced cases should be consolidated pursuant to Fed. R. Civ. P. 42(a) for all purposes.

## II.     MR. MILLER SHOULD BE APPOINTED LEAD PLAINTIFF

The PSLRA sets forth procedures for the selection of Lead Plaintiff in class actions brought under the Exchange Act. The PSLRA directs courts to consider any motion to serve as Lead Plaintiff filed by class members in response to a published notice of class action by the latter of (i) 60 days after the date of publication, or (ii) as soon as practicable after the Court decides any pending motion to consolidate. 15 U.S.C. § 78u-4(a)(3)(B)(i) and (ii).

The PSLRA provides a "rebuttable presumption" that the most "adequate plaintiff" to serve as Lead Plaintiff is the "person or group of persons" that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb) in the determination of the Court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii).

As set forth below, Mr. Miller satisfies all of these criteria and thus entitled to the presumption is the most adequate plaintiff of the class and, therefore, should be appointed Lead Plaintiff.

### A.   Mr. Miller is Willing to Serve as Class Representative

Mr. Miller has filed the instant motion and certification attesting his willingness to serve as a representative of the class and to provide testimony at deposition and trial, if necessary *See* Kim Decl., Ex. 2. Accordingly, Mr. Miller satisfies the first requirement to serve as Lead Plaintiff for the Class.

### B.   Mr. Miller Has the Largest Financial Interest in the Action

The PSLRA requires a court to adopt a rebuttable presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii). "While the PSLRA does not specify how we should decide which plaintiff group has the 'largest financial interest' in the relief sought, most courts simply determine which potential lead plaintiff has suffered the greatest total losses." *Takara Trust v. Molex*, 229 F.R.D. 577, 579 (N.D. Ill. 2005). Of the *Lax/Olsten*-styled[1] factors in determining the largest financial interest, the financial loss is the most significant factor. *Fuwei Films*, 247 F.R.D. at 437 (citing *Kaplan v. Gelfond*, 240 F.R.D. 88, 93 (S.D.N.Y. 2007); *see also Richardson v. TVIA, Inc.*, 2007 WL 1129344 * 4 (N.D. Cal. Apr. 16, 2007) (of the *Lax/Olsten* factors approximate loss is most determinative). Indeed, "the best yardstick by which to judge 'largest financial interest' is the amount of loss, period". *In re Bally Total Fitness, Sec. Litig.*, 2005 WL 627960 * 4 (N.D. Ill. Mar. 15, 2005).

---

[1] *Lax v. First Merch. Acceptance Corp.*, 1997 WL 461036 *5 (N.D. Ill. Aug. 11, 1997); *In re Olsten Corp. Secs. Litig.*, 3 F.Supp.2d 286, 295 (E.D.N.Y. 1998).

Mr. Miller purchased 8,000 shares of KCAP during the Class Period at a cost of $42,490.00. He still holds these shares, and has thus, suffered approximate losses of $8,730.00.[2] *See* Kim Decl., Ex. 3. Mr. Miller has the largest financial interest of any class member that has made an appearance in this litigation to date.

Mr. Miller is not aware of any other movants that have suffered greater losses in KCAP securities during the Class Period. Accordingly, with total losses of $8,730.00, Mr. Miller satisfies the largest financial interest requirement to be appointed as Lead Plaintiff for the class.

**C.   Mr. Miller Satisfies the Requirements of Rule 23 of the Federal Rules of Civil Procedure**

Section 21D(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the Lead Plaintiffs must "otherwise satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In making its determination that the Lead Plaintiffs satisfy the requirements of Rule 23, the Court need not raise its inquiry to the level required in ruling on a motion for class certification -- a *prima facie* showing that the Movants satisfy the requirements of Rule 23 is sufficient. *Fuwei Films*, 247 F.R.D. at 439 (only a *prima facie* showing is required) (citations

---

[2] In determining losses for held shares, Movant uses the average daily closing price of the Company's stock after the end of the Class Period to February 25, 2010—the lookback price—which is $4.22. *See In re MicroStrategy, Inc. Secs. Litig.*, 110 F. Supp.2d 427, 436 n. 22 (E.D. Va. 2000) (applying PSLRA look-back period); 15 U.S.C. §78u-4(e)(1).

omitted). Moreover, "typicality and adequacy of representation are the only provisions relevant to a determination of lead plaintiff under the PSLRA." *Id.*, at 437; *Oxford Health Plans*, 182 F.R.D. at 49.

Mr. Miller fulfills the requirements of Rule 23. His claims each share substantially similar questions of law and fact with the members of the class and his claims are typical of those of the members of the class. Mr. Miller and all members of the class allege that defendants violated the Exchange Act by failing to disclose material facts about KCAP's business. Mr. Miller, as did all of the members of the class, purchased KCAP shares at prices artificially inflated by defendants' misstatements and omissions and was damaged thereby. These shared claims also satisfy the requirement that the claims of the representative party be typical of the claims of the class.

Thus, the close alignment of interests between Mr. Miller and other class members, as well as the former's strong desire to prosecute these actions on behalf of the class, provides ample reason to grant the Movant's motion to serve as Lead Plaintiffs.

### D.    Mr. Miller Will Fairly and Adequately Represent the Interests of the Class and Are Not Subject to Unique Defenses

The presumption in favor of appointing Mr. Miller as Lead Plaintiff may be rebutted only upon proof "by a purported member of the plaintiffs' class" that the presumptively most adequate plaintiff:

> (a)    will not fairly and adequately protect the interest of the class; or
>
> (b)    is subject to unique defenses that render such plaintiff incapable of adequately representing the class.

15 U.S.C. § 78u-4(a)(3)(b)(iii)(I).

Mr. Miller's ability and desire to fairly and adequately represent the class have been discussed in Section C, above. Mr. Miller is not aware of any unique defenses defendants could raise against him that would render him inadequate to represent the class. Accordingly, the Court should appoint Mr. Miller as Lead Plaintiff for the class.

### III. MR. MILLER'S SELECTION OF COUNSEL SHOULD BE APPROVED

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject to the approval of the Court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The Court should only interfere with Lead Plaintiff's selection when necessary "to protect the interests of the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

Mr. Miller has selected The Rosen Law Firm, P.A. as Lead Counsel. The Rosen Law Firm has been actively researching the class Plaintiffs' claims - interviewing potential witnesses, reviewing financial and legal documents, seeking relevant data from third parties, and gathering other information in support of the claims against the defendants. Furthermore, the Rosen Law Firm is experienced in the area of securities litigation and class actions, and has successfully prosecuted securities litigations and securities fraud class actions on behalf of investors. *See* Kim Decl., Ex. 4.

As a result of the firm's experience in litigation involving issues similar to those raised in this action, Mr. Miller's counsel has the skill and knowledge to prosecute this action effectively and expeditiously. Thus, the Court may be assured that by approving the Movant's selection of Lead Counsel, the members of the class will receive the best legal representation available.

### CONCLUSION

For the foregoing reasons, Mr. Miller respectfully requests that the Court issue an Order (1) consolidating the related actions; (2) appointing him as Lead Plaintiff of the class; (3)

approving his selection of The Rosen Law Firm, P.A. as Lead Counsel; and (4) granting such other relief as the Court may deem to be just and proper.

                                          Respectfully submitted,

Dated: March 1, 2010

                                          **THE ROSEN LAW FIRM, P.A.**

                                          /s/ Phillip Kim
Phillip Kim, Esq. (PK 9384)
Laurence M. Rosen, Esq. (LR 5733)
Timothy W. Brown, Esq. (TB 1008)
350 Fifth Avenue, Suite 5508
New York, New York 10118
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: pkim@rosenlegal.com
Email: lrosen@rosenlegal.com
Email: tbrown@rosenlegal.com

[Proposed] Lead Counsel for Plaintiffs and Class

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this on the 1st day of March, 2010, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

                                      /s/ Phillip Kim